## Commonwealth *vs.* Charles W. Buxton.

On the trial of an indictment on *St.* 1855, *c.* 405, for keeping a building used in the manner declared by that statute to be a common nuisance, no proof is required of the allegation in the indictment of the building's " being a common nuisance to the great injury and common nuisance of all the peaceable citizens."

Indictment on *St.* 1855, *c.* 405, for keeping and maintaining at Salem, during a certain time, " a certain building, to wit, a shop then and there resorted to for illegal gaming, and then and there used by the said Buxton for the illegal sale and keeping of intoxicating liquors; said building so used as aforesaid being then and there a common nuisance, to the great injury and common nuisance of all the peaceable citizens of said commonwealth there residing and inhabiting, passing and repassing; against the peace of the Commonwealth aforesaid, and contrary to the form of the statute in such case made and provided."

At the trial in the court of common pleas, the defendant contended that the jury would not be warranted in convicting him upon mere proof of his keeping and maintaining this shop and using it for the illegal sale and keeping of intoxicating liquors, without its being proved, as alleged, to have been to the great injury and common nuisance, &c. But *Perkins,* J. refused so to rule, and the defendant, being convicted, alleged exceptions.

*W. D. Northend,* (*E. W. Kimball* with him,) for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

Dewey, J. The concluding allegation of this indictment, " to the great injury and common nuisance of all the citizens," &c., is in accordance with the well established forms of indictments for a nuisance at common law. Upon the trial of such indictment, it must be established that the acts complained of show a case of public nuisance. Cases may arise as to alleged public nuisances where it may be proper to submit to the jury, under proper instructions from the court, the question whether the acts proved show anything more than a private injury. But in most cases, the evidence necessary to prove the alleged

acts of the defendant would fully discharge all the duty devolving upon the Commonwealth, in maintaining that the same were " to the injury and common nuisance of all the citizens," &c. This would be so especially in indictments at common law for keeping a common gaming house or a house of ill fame, inasmuch as the very acts alleged, if proved, would *per se* prove a case of common nuisance.

It is unnecessary however, in deciding the present case, to go more fully into the consideration of the question how far, in indictments at common law, the government must prove affirmatively that the acts complained of affect large numbers of people and are a common nuisance, in distinction from an injury to a few individuals. This indictment is upon the express provisions of a statute of this commonwealth. *St.* 1855, *c.* 405. The statute itself declares, that all buildings used for the purposes for which this building is alleged to have been kept and maintained shall be common nuisances, and be regarded and treated as such. It further enacts that every person, keeping or maintaining such common nuisance, shall be punished ; thus fixing the character of those acts set forth in this indictment, and declaring that the party doing the same is guilty of a common nuisance. The result is therefore, that if the facts alleged of the keeping and maintaining of the building for the purposes named in the statute are proved, the fact of the defendant's keeping and maintaining a common nuisance is also proved, which is all that is requisite to show to sustain the concluding averment, " to the great injury and common nuisance of all the citizens," &c.

There is therefore no ground for any exceptions upon this point to the ruling of the court of common pleas.

*Exceptions overruled.*